UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

SANDRA IMMERSO,
      Plaintiff

v.

U.S. DEPARTMENT OF LABOR,
      Defendant

Civil Action No.   1:19-cv-3777

## COMPLAINT

### I. FOIA REQUESTS AND DENIALS AND THE EMAILS

1. On January 9, 2019, the U.S. Department of Labor ("**DOL**") received a written request (the "**Request**") by e-mail at foiarequest@dol.gov asking the DOL to release certain records (each a "**Requested Record**") in compliance with the Freedom of Information Act ("**FOIA**"). The Request was submitted by Plaintiff's counsel on behalf of Plaintiff. On information and belief, on February 4, 2019, the DOL referred to the Request by the number 872480. The DOL did not inform Plaintiff or Plaintiff's counsel that the DOL had assigned number 872480 to the Request. Starting February 11, 2019, the DOL referred to the Request by the number 873690.

2. The Request described certain records as "emails sent by Darin Powers at about 5:39 p.m. on July 30, 2013 and the emails sent by Robert Huber at about 8:20 a.m. July 31, 2013, with the subject 'WPS – next steps & actions' that were included in the records of ALJ Case No. 2015-LDA-00030" (respectively, "**Powers' emails**" and "**Huber's emails**").

3. The Request asked the DOL to "promptly email to" Plaintiff's counsel "an electronic (PDF) copy of any record maintained by the BRB that satisfies the following criteria:"

        a copy of Powers' emails in any form that was transmitted to the BRB by any person at any time after January 2, 2018 along with any documentation establishing the date of transmission to and receipt by the BRB (*e.g.*, a letter of transmittal or entry in any computer system);

        a copy of Huber's emails in any form that was transmitted to the BRB by any person at any time after January 2, 2018 along with any documentation establishing the date of transmission to and receipt by the BRB (*e.g.*, a letter of transmittal or entry in any computer system).

    4.    From at least February 1, 2015 through at least November 29, 2017, in ALJ Case No. 2015-LDA-00030 (the "**DBA Case**") all papers and requests filed with the OALJ or ALJ Merck (the "**OALJ Case File**") were maintained at the Washington, D.C. offices of the OALJ. The OALJ Case File includes at least one copy of a record containing Powers' emails and Huber's emails with no information redacted. On January 3, 2018, the BRB issued a request to have the OALJ Case File transmitted to the BRB. On about January 11, 2018, the OALJ Case File was transmitted from Houston, Texas, to the BRB. On about January 18, 2018, the Adjudicatory Boards received the OALJ Case File. Between at least about January 18, 2018 and June 11, 2019, the OALJ Case File was under the control of the Adjudicatory Boards. The OALJ Case File was not transferred away from the Adjudicatory Boards before June 28, 2019.

    5.    On February 4, 2019, the DOL sent Plaintiff's counsel an email (the "**First Denial**") expressly denying Request 872480 with respect to Powers' emails. The First Denial stated: "The Powers e-mail is being withheld under Exemption 4 as attorney-client privileged information." The DOL emailed to Plaintiff's counsel a copy of records that included Huber's emails (the "**Released Record**"), which is attached hereto as Exhibit 1. The Released Record also included Powers' emails, but the DOL redacted all text, including any privilege notation, in or on Powers' emails below the "Subject" line.

    6.    On March 5, 2019, the DOL sent Plaintiff's counsel an email (the "**Second**

2

**Denial**") expressly denying Request 873690 with respect to Powers' emails. The Second Denial stated the following regarding Powers' emails: "Unredacted version withheld under Exemption 4 as attorney-client privileged information."

7. Throughout July 2013, Darin Powers and Robert Huber were employees of DynCorp International LLC ("**DI**"). On July 30 and 31, 2013, DI's principle offices were located in the Commonwealth of Virginia. On July 30, 2013, Powers' emails were sent to five recipients, and on July 31, 2013, Huber forwarded his copy of Powers' email to an additional recipient as an attachment to Huber's email (each a "**Recipient**"). Upon information and belief, at least five Recipients were not admitted to any Bar on or before July 31, 2013. Upon information and belief, as of July 30 or 31, 2013, no Recipient was admitted to the Bar of the Commonwealth of Virginia. Upon information and belief, neither Powers nor Huber asked any Recipient to provide any advice regarding any issue of law. Upon information and belief, no Recipient sent any email to Powers providing any advice regarding any issue of law in response to Powers' emails. Upon information and belief, Powers' emails did not ask any Recipient to provide any information to any attorney.

8. On October 28, 2015, DI's counsel in the DBA Case sent a letter (the "**Letter**") for filing in the DBA Case. The Letter was addressed to DOL ALJ Larry Merck and to the "Chief Docket Clerk." *See* Exhibit 2 hereto. The Letter, along with an unredacted copy of Powers' emails and Huber's emails, was hand delivered to the OALJ on October 28, 2015. The Letter revealed and represented that Powers' emails bore the "notation 'Subject to Attorney Client Privilege.'" *Id*. The Letter also revealed and represented that Powers' emails were sent to provide a status update. The Letter represented that Powers' emails were sent to multiple "DI employees with responsibility for the administration and management of the WPS Program

3

contract" for one purpose: to "apprise" them of "developments potentially impacting the contract." *Id.*

9.  On January 16, 2018, When the DBA Case was before the BRB on appeal, DI's counsel publicly represented to the BRB that the "privileged portion of the email thread" "contains an express request for legal advice." *See* Exhibit 3 hereto, page 7. DI was referring specifically to Huber's emails and Powers' emails. *See id.* at 1 and at 7 citing ALJ Merck's decision dated February 9, 2016.

10. DOL Senior Attorney Todd Smyth ("**Smyth**") provided evidence contradicting the contention by DI's counsel (in paragraph 9) that Powers and Huber stated "an express request for legal advice." Smyth signed a declaration dated December 21, 2016 declaring that Huber's emails "expressly" requested "input and review" and were marked "Subject to Attorney Client Privilege." Smyth's declaration also declared that Powers' emails "expressly" requested "input and review" and were marked "Subject to Attorney Client Privilege." Upon information and belief, in Powers' email, Powers did not include the noun "advice" or any form of such word. Upon information and belief, in Powers' email, Powers did not include the verb "advise" or any form or tense of such word. Upon information and belief, in Powers' email, Powers did not expressly ask Christopher Bellomy to do anything that Powers did not ask any other Recipient to do.

11. On August 15, 2017, Robert Huber signed a declaration declaring that he was DI's "Senior Contracts Director" in July 2013, and he "advised DI management regarding its rights and obligations under the WPS Program contract." *See* Exhibit 4 hereto. Huber's declaration declared that Huber received Powers' email to help DI prepare to negotiate payment to DI of amounts that had been "short paid" regarding particular "invoices" that DI had

4

submitted to the U.S. Department of State in connection with DI's WPS contract. *Id*.

12. Upon information and belief, in the DBA Case, DI filed hearing exhibits that publicly disclosed information that was included in Powers' emails. Before June 28, 2019, no DOL employee compared any information in Powers' emails to information that DI disclosed in any of DI's hearing exhibits numbered 26, 27, 34-36 or 39-42.

13. With respect to the Request, the DOL has failed to comply with each of the following requirements of FOIA. FOIA required the DOL to "make" each Requested Record or information therein "promptly available" to Plaintiff "except" to the extent FOIA "specifically stated" that the DOL was authorized to fail to do so. FOIA prohibited the DOL from withholding any Requested Record or any information therein except to the extent that a DOL employee "reasonably foresees that disclosure would harm an interest protected by" a FOIA "exemption" or "disclosure is prohibited by law." FOIA required the DOL to publish or re-release any Requested Record or any information therein except "with respect to the records" that previously had been published "in the Federal Register" or made "available for public inspection in an electronic format." FOIA required the DOL to "make available for public inspection in an electronic format" any Requested Record that has "been requested 3 or more times." By February 4, 2019, the DOL knew that Powers' email and Huber's email had been requested at least seven times because in the First Denial the DOL identified seven requests. FOIA required any "notification of denial of any request for records" to "set forth the names and titles or positions of each person responsible for the denial of such request." FOIA required the DOL to "take reasonable steps necessary to segregate and release nonexempt information." FOIA required the DOL to provide to Plaintiff any "reasonably segregable portion" of any Requested Record "after deletion of the portions which are exempt." FOIA required the DOL to

5

indicate "on the released portion of" each Requested Record not only "the exemption" that authorized withholding information, but also the "amount of information" protected by such exemption. At "the place in" each Requested Record "where" any "deletion" of information was "made," FOIA required the DOL to indicate not only "the exemption" that authorized withholding information, but also "the amount of the information" protected by such exemption.

14. Before June 28, 2019, the DOL failed to state that any DOL employee was responsible for the First Denial or the Second Denial. Before June 28, 2019, the DOL failed to provide the name and title or position of ("**Identify**") each DOL employee who was responsible for the First Denial. Before June 28, 2019, the DOL failed to Identify any DOL employee who was responsible for causing the First Denial to state: "The Powers e-mail is being withheld under Exemption 4 as attorney-client privileged information." Before June 28, 2019, the DOL failed to Identify each DOL employee who was responsible for the Second Denial. Before June 28, 2019, the DOL failed to Identify any DOL employee who was responsible for causing the Second Denial to state that all information in Powers' emails was "withheld under Exemption 4 as attorney-client privileged information."

15. Before June 28, 2019, the DOL failed to Identify any DOL employee who was responsible for determining that any portion of Powers' email was "commercial or financial information" as such terms were used in FOIA Exemption 4. Before June 28, 2019, the DOL failed to Identify any DOL employee who was responsible for determining that any portion of Powers' email was transmitted to any attorney or to anyone assisting any attorney. Before June 28, 2019, the DOL failed to Identify any DOL employee who was responsible for determining that any portion of Powers' email was communicated to any Recipient for any purpose that might qualify such information for protection under the attorney-client privilege. Before June

28, 2019, the DOL failed to Identify any DOL employee who was responsible for determining that any information in Powers' email had not been publicly disclosed by DI in any DOL proceeding.

## II. JURISDICTION AND VENUE

16.     This action arises under a federal statute, the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552, as amended, which is one section of the Administrative Procedure Act ("**APA**"), 5 U.S.C. § 551 *et seq.*, as amended.  Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B); L.R. 3.2(a)(1)(B).

## III. PARTIES AND DOL ENTITIES AND INDIVIDUALS

17.     Plaintiff, Sandra Immerso ("**Plaintiff**"), resides in Kings County at 333 8th Street, Brooklyn, New York 11215.

18.     Defendant, the United States Department of Labor ("**DOL**"), is a department or agency within the executive branch of the United States government.  The Benefits Review Board ("**BRB**") is a component of the DOL with offices in Washington, D.C.  The DOL's Adjudicatory Boards comprises three DOL boards, and the BRB is one such board.

19.     At all relevant times, Frank Clubb ("**Clubb**") has been employed by the DOL in the position of FOIA Coordinator for the DOL's Adjudicatory Boards.  At all relevant times, Clubb was not an attorney.  Clubb issued the First Denial and the Second Denial.

20.     Each BRB member is an Administrative Appeals Judge ("**AAJ**") employed by the DOL. Upon information and belief, at least one AAJ was at least partially responsible for the First Denial while such AAJ was serving as a BRB member.  Upon information and belief, at least one AAJ was at least partially responsible for the Second Denial while such AAJ was serving as a BRB member.

21. Upon information and belief, at least one attorney, while employed by the DOL to assist the BRB, was at least partially responsible for the First Denial. Upon information and belief, at least one attorney, while employed by the DOL to assist the BRB, was at least partially responsible for the Second Denial.

22. At all relevant times since at least January 2015, Larry S. Merck ("**ALJ Merck**") has been employed as a DOL ALJ in the Washington, D.C. office of the OALJ. From at least January 2015 through November 29, 2017, ALJ Merck presided over the DBA Case.

23. At all relevant times since at least January 2016, Stephen Henley ("**CALJ Henley**") has been employed by the DOL as its Chief ALJ and the OALJ FOIA Disclosure Officer. CALJ Henley also is ALJ Merck's direct supervisor.

24. In two decisions in the DBA Case on February 9, 2016 and November 29, 2017, ALJ Merck stated that Powers' emails, as well as Huber's emails "expressly sought legal advice." In a letter dated July 15, 2016, CALJ Henley reiterated ALJ Merck's representation that Powers' emails, as well as Huber's emails, "expressly sought legal advice." Before January 16, 2018, DI never had asserted in the DBA Case that either Powers' emails or Huber's emails contained any express request for legal advice or that they expressly sought legal advice.

25. At no time before June 28, 2019 did any DOL employee confirm that Powers' email includes any words stating an express request for legal advice. At no time before June 28, 2019 did CALJ Henley examine Powers' email to attempt to identify any words stating an express request for legal advice. At no time before June 28, 2019 did Clubb examine Powers' email to attempt to identify any words stating an express request for legal advice. At no time before June 28, 2019 did any AAJ, while serving as a member of the BRB, examine Powers' email to attempt to identify any words stating an express request for legal advice. At no time

8

before June 28, 2019 did any attorney, while employed by the DOL to assist the BRB, examine Powers' email to attempt to identify any words stating an express request for legal advice.

26.     Thomas Hicks ("**Hicks**") is an attorney employed by the DOL Office of the Solicitor.  Hicks is the DOL's designated FOIA Public Liaison.  Hicks is responsible for assisting in reducing delays in FOIA processing, increasing transparency and understanding, providing information concerning the status of requests, and assisting in the resolution of disputes.  At no time did Hicks examine Powers' email to attempt to identify any words stating an express request for legal advice.

### IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.     On February 4, 2019, the DOL issued the First Denial pertaining to Request 872480.  On March 5, 2019, the DOL issued the Second Denial pertaining to Request 873690.

2.     On March 20, 2019, Plaintiff submitted a letter to the DOL by email at foiaappeal@dol.gov to appeal the Second Denial to the Office of the Solicitor of Labor**.**  Before June 28, 2019, Plaintiff did not receive any correspondence, written or verbal, from the Office of the Solicitor of Labor constituting a decision regarding, or addressing any merits of, the appeal of the Denial.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from this Court:

A.     Injunctive relief ordering the DOL to release to Plaintiff within two business days all responsive records containing Powers' emails, redacted and marked, if at all, in a manner that fully complies with FOIA;

B.     Judgment for reasonable attorneys' fees, expenses, and costs;

C.     Finding that the circumstances surrounding the actions of one or more DOL

employees who was responsible for the First Denial or the Second Denial raises questions whether such DOL employee acted arbitrarily or capriciously in causing or contributing to the issuance of the First Denial or the Second Denial or the subsequent withholding of any non-commercial, non-confidential information in Powers' emails before June 28, 2019.

Date:  June 28, 2019

Respectfully Submitted,

s/Jack R. T. Jordan
Jack R. T. Jordan
NY Bar #2882777
6225 Northlake Drive
Parkville, MO 64152
816-746-1955
jack.jordan@emobilawyer.com

ATTORNEY FOR PLAINTIFF