UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SANDRA IMMERSO,                                      :
                                                     :
                            Plaintiff,               :
                                                     :     **MEMORANDUM AND ORDER**
           - against -                               :
                                                     :     19 Civ. 3777 (NGG) (VMS)
U.S. DEPARTMENT OF LABOR,                            :
                                                     :
                            Defendant.               :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Sandra Immerso ("Plaintiff") brings this action against the U.S. Department of Labor (the "DOL") seeking disclosure of an unredacted copy of an email (the "Powers Email") in compliance with the Freedom of Information Act ("FOIA"). Before this Court is Plaintiff's motion to compel and for sanctions against the DOL for failing to disclose or produce a copy of the Powers Email showing (i) any privilege notation and (ii) any non-commercial, non-financial words in any request for advice, input or review. For the reasons explained below, Plaintiff's motion is denied in its entirety.

**I.     BACKGROUND**

The Powers Email had previously been the subject of dispute in a DOL administrative workers' compensation proceeding commenced by Maria Jordan, the wife of Plaintiff's attorney Jack Jordan, against DynCorp International LLC ("DynCorp"), No. 2015-LDA-00030 (administrative law judge ("ALJ") Merck). See ECF No. 24 ¶¶ 2-3. The Powers Email was provided by DynCorp to DOL ALJ Merck for in camera review when a discovery dispute arose in that proceeding. See id. ¶ 2. DynCorp sought to protect the Powers Email from disclosure on the basis that it was an attorney-client communication. See id. Upon review, ALJ Merck

1

determined that the Powers Email contained privileged attorney-client communication and confidential information, and that it was protected from disclosure. See id. ¶ 3. According to Plaintiff, the Powers Email has been in the DOL's possession as part of the case file. ECF No. 1, Complaint ("Compl.") ¶ 4. Since coming into possession of the Powers Email as part of the administrative workers' compensation proceeding, the DOL has withheld the unredacted email from disclosure under FOIA on the basis that it falls within FOIA Exemption 4.[1] See Compl. ¶¶ 4-6; ECF No. 37; ECF No. 26 ¶¶ 13-14, 16-17.

The Powers Email, which consists of an email sent at about 5:39 p.m. on July 30, 2013, by Darin Powers with the subject "WPS – next steps & actions," is part of an internal DynCorp four-page email chain comprised of five emails. See ECF No. 24, ¶¶ 1, 4; ECF No. 1-1. Darin Powers, the author of the Powers Email, is the Vice President, Intelligence & Security, of DynCorp. ECF No. 24, ¶ 1. According to the DOL, Mr. Powers sent the Powers Email to several DynCorp employees, including Christopher Bellomy, an in-house attorney, and Robert A. Huber, Senior Contracts Director. Id. The Powers Email allegedly contained a discussion regarding the status of operations issues in connection with the Worldwide Protective Services Program contract. ECF No. 1-2 at 1. It also allegedly requested the attorney's input and review of the information transmitted. See ECF No. 26 ¶ 18.

---

[1] Exemption 4 of the FOIA protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." The United States Department of Justice, Office of Information Policy, Freedom of Information Act Guide, 2004 Edition: Exemption 4, https://www.justice.gov/oip/foia-guide-2004-edition-exemption-4. "This exemption is intended to protect the interests of both the government and submitters of information." Id. The purpose of this exemption is to "encourage[] submitters to voluntarily furnish useful commercial or financial information to the government" while "safeguarding them from the competitive disadvantages that could result from disclosure." Id.

Since at least June 9, 2016, Mr. Jordan has been attempting to obtain a copy of the Powers Email. See generally ECF No. 24 ¶¶ 17-42. A summary of Mr. Jordan's efforts, including his lawsuits in the District Court for the District of Columbia and District Court for the Western District of Missouri, can be found in the DOL's Rule 56.1 Statement to its Motion to dismiss for failure to state a claim, or in the alternative, summary judgment. See generally id. Despite his 30-plus FOIA requests and related litigation in district courts and courts of appeals, Mr. Jordan has been unsuccessful in challenging the DOL's assertion of FOIA Exemption 4 to withhold the unredacted Powers Email. See id. A redacted copy of the Powers Email is in Plaintiff's possession. See ECF No. 1-1.

On January 9, 2019, Plaintiff (through Mr. Jordan) submitted a FOIA request for the Powers Email that was included in the records of ALJ Case No. 2015-LDA-00030. See Compl. ¶ 1; ECF No. 26 ¶ 4. In an email sent on March 5, 2019, the DOL responded that it was withholding the unredacted Powers Email pursuant to FOIA Exemption 4. See Compl. ¶ 6; ECF No. 26 ¶ 5.[2]

On June 28, 2019, Plaintiff filed this action to compel the DOL to disclose an unredacted copy of the Powers Email which was included in the records of the 2015 administrative law case. See generally Compl. According to Plaintiff, the DOL failed to comply with the requirements of FOIA, and the Powers Email is wrongfully being withheld. Id. ¶ 13. Plaintiff seeks injunctive relief ordering the DOL to release an unredacted copy of the Powers Email, along with reasonable attorneys' fees, expenses and costs. Id. at 9-10.

---

[2] Plaintiff's involvement in this case appears to be limited to the single FOIA request. See ECF No. 26 ¶ 10. Based on the history presented by the DOL, Mr. Jordan (on behalf of his wife) may be the real party in interest.

On or about October 6, 2019, Plaintiff served interrogatories and requests for production on the DOL essentially seeking production of the Powers Email or portions of the Powers Email showing any request for advice, input or review. See ECF No. 22-1 ¶ 10. The DOL responded to Plaintiff's discovery requests with a letter dated November 4, 2019, stating that Plaintiff is "precluded from seeking discovery." ECF No. 22-2.

Plaintiff requests an order compelling the DOL to produce a copy of the Powers Email showing (i) any privilege notation and (ii) any non-commercial, non-financial words in any request for advice, input or review. See generally ECF No. 22.[3] According to Plaintiff, the DOL has relied on a privilege notation and an express request for advice, input or review in the Powers Email to protect the email from disclosure. See id. at 1. Plaintiff argues that such reliance constitutes a public adoption of the reasoning by the agency and, as such, must be defended by disclosing the evidence. See id. at 2. Plaintiff also argues that the evidence is relevant to this case because it will prove that the DOL misrepresented the contents of the Powers Email. Id.; ECF No. 49 at 2. Plaintiff seeks sanctions, including reasonable attorneys' fees incurred in making the motion to compel. See id. at 3.

In opposition, the DOL argues that Plaintiff's motions should be denied for three reasons: (i) Plaintiff is improperly seeking through discovery the disclosure of the sole document that is the subject of this FOIA action; (ii) the discovery Plaintiff seeks has previously been addressed by the District Court of the District of Columbia; (iii) Plaintiff's discovery requests are not

---

[3] In her supplemental letter dated February 4, 2020, Plaintiff argues that the DOL has admitted the factual allegations in the Complaint because it failed to file any answer. See ECF No. 50 at 4. Plaintiff's position is meritless. As Plaintiff well knows, the DOL was granted leave by the Honorable Nicholas G. Garaufis to move to dismiss or, in the alternative, for summary judgment, in lieu of serving an answer. See Dkt. Entry 10/4/19; ECF No. 37 at 1.

within the permissible scope of discovery in a FOIA action. See ECF No. 37. The DOL disputes that Plaintiff is entitled to sanctions. See id.

## II. DISCUSSION

"Discovery is generally unavailable in FOIA actions." Wolf v. Cent. Intelligence Agency, 569 F. Supp. 2d 1, 9 (D.D.C. 2008) (internal citations omitted). Indeed, discovery is "extremely limited" and "permissible only with regard to the scope of the agency's search, its indexing and classification procedures, and other related factual matters." Katman v. Freeh, 926 F. Supp. 316, 319-20 (E.D.N.Y. 1996) (citations omitted); see 5 U.S.C. § 552. A plaintiff cannot, through discovery, seek disclosure of documents that are the subject of the FOIA action. See Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. Nat'l Labor Relations Bd., 845 F.2d 1177, 1179 (2d Cir. 1988) (holding that "[plaintiff] is not entitled to discovery of documents claimed to be exempt" because discovery would "essentially grant [plaintiff] the substantive relief it requests").

Here, the heart of the dispute before the District Court is whether Plaintiff has a right to an unredacted copy of the Powers Email, which the DOL withheld under FOIA Exemption 4. There is no other material matter in dispute. Yet, through discovery, Plaintiff seeks from the DOL production of the sole document at issue, as well as information that relates substantially to the contents of that document. Plaintiff's request for production "No. 2" states:

> Produce all DOCUMENTS in YOUR possession, custody or control that consist of or comprise the email sent by Darin Powers on July 30, 2013, which is the subject of the Plaintiff's FOIA Request No. 873690 ("Powers' email"). If YOU object that any portion of Powers' email is privileged, please comply with Instruction No. 4, above.

ECF No. 22-1 ¶ 10. Plaintiff's request for production "No. 3" states:

> Produce all DOCUMENTS in YOUR possession, custody or control that consist of or comprise any statement by DI, including any employee or representative of

> DI, including any attorney who purports to represent DI, to the effect that Powers' email contained any request that any recipient of Powers' email (a) review the content of Powers' email or (b) provide any advice or input regarding any issue in Powers' email.

Id. To grant Plaintiff's motion to compel would, as cautioned against by the Second Circuit in Local 3, 845 F.2d at 1179, have the effect of granting the substantive relief Plaintiff requests in this FOIA action: production of an unredacted copy of the Powers Email. It would also have the effect of adjudging that the DOL improperly redacted and withheld certain portions of the Powers Email. Because Plaintiff improperly seeks discovery of the document that is the subject of this FOIA action, Plaintiff's motion to compel is denied.

This Court finds no reason to allow Plaintiff to use a motion to compel as a tool to circumvent the purpose, scope and limitations of FOIA actions. Indeed, currently pending before the District Judge are the DOL's motion to dismiss for failure to state a claim or, in the alternative, summary judgment (ECF Nos. 23-33), and Plaintiff's cross-motion for summary judgment (ECF Nos. 42-46), all of which address the merits of Plaintiff's claim of entitlement to the Powers Email and the DOL's justification for withholding the Powers Email. The adjudication of such substantive dispositive issues rests with the Honorable Nicholas G. Garaufis.

On a separate point, on or about December 4, 2019, it appears that the DOL provided an unredacted copy of the Powers Email to the District Judge for in camera review. "[C]urtailment of discovery is particularly appropriate where the court makes an in camera inspection." Katman, 926 F. Supp. at 320; see Bureau of Nat'l Affairs, Inc. v. Internal Revenue Serv., 24 F. Supp. 2d 90, 93 (D.D.C. 1998) (denying discovery motions pending in camera review); Laborerer's Int'l Union v. Dep't of Justice, 72 F.2d 919, 921 (D.C. Cir. 1984) ("Curtailment of discovery in the exercise of the District Court's discretion was appropriate where, as here, the

6

court reasonably determined that an in camera examination was required of the sole document being sought by the FOIA requester-litigant in order for the court to make the substantive determination as to the pertinent statutory exemption's applicability."). The pending in camera review of the Powers Email provides another basis to deny Plaintiff's motion to compel.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel and for sanctions is denied in its entirety. This Court agrees with the DOL that this motion is meritless, bordering on frivolous. Mr. Jordan is reminded that his motions must comply with Federal Civil Procedural Rule 11(b) or else sanctions may be imposed.

Dated: Brooklyn, New York
       March 2, 2020

                                      *Vera M. Scanlon*
                                      VERA M. SCANLON
                                   United States Magistrate Judge