UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANDRA IMMERSO,

                           Plaintiff,

          -against-

U.S. DEPARTMENT OF LABOR,

                           Defendant.

MEMORANDUM & ORDER
19-CV-3777 (NGG) (VMS)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Sandra Immerso brings this action against the U.S. Department of Labor ("DOL"), seeking to compel disclosure of an unredacted copy of an email pursuant to the Freedom of Information Act ("FOIA"). Currently before the court are Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, as well as Plaintiff's Motion for Summary Judgment, and four motions by Plaintiff seeking a pre-motion conference and reconsideration of prior orders by this court. (See Mot. to Dismiss or for Summ. J. ("Def. Mot.") (Dkt. 23); Pl. Mot. for Summ. J. ("Pl. Summ. J. Mot.") (Dkt. 42); Mot. for Recons. re Order on Mot. for Pre-Mot. Conference (Dkt. 56); Third Mot. for Pre-Mot. Conference (Dkt. 57); Mot. for Pre-Mot. Conference (Dkt. 60); Mot. for Pre-Mot. Conference (Dkt. 62).)

For the reasons explained below, the court GRANTS Defendant's (Dkt. 23) Motion for Summary Judgment with prejudice and DENIES Plaintiff's (Dkt. 42) Motion for Summary Judgment and Plaintiff's (Dkts. 56, 57, 60, 62) other pending motions.

## I.      BACKGROUND

### A.  Factual and Procedural Context

On October 28, 2015, in connection with a discovery dispute in a worker's compensation proceeding brought by claimant Maria Jordan against respondent employer DynCorp International LLC

("DynCorp"), DynCorp's outside counsel provided Administrative Law Judge ("ALJ") Larry S. Merck, *in camera*, with a copy of an internal DynCorp email correspondence, consisting of five emails. (Def. Stmt. Pursuant to Local Rule 56.1 ("Def. 56.1") (Dkt. 24) ¶¶ 1-2.) DynCorp represented in a cover letter, a copy of which was sent to Ms. Jordan, that portions of the email chain were privileged, including the body of an email sent by Darin Powers ("the Powers email") to in-house attorney Christopher Bellomy and other recipients. (*Id.*)

The Powers email, timestamped at 5:39 p.m. on July 30, 2013, describes developments and potential strategies regarding DynCorp's Worldwide Protective Services ("WPS") Program's contract with the U.S. Department of State. (*Id.*) In the email, Powers asked Bellomy to review the developments and strategies and to provide any relevant legal advice. (*Id.* ¶ 2.) The email was marked "Subject to Attorney Client Privilege." (*Id.*) On February 9, 2016, ALJ Merck denied Ms. Jordan's motion to compel production of the Powers email because he determined that it contained privileged attorney-client communications and confidential information, and he placed the unredacted email under seal. (*Id.* ¶ 3.)

DynCorp's *in camera* disclosure of the Powers email to ALJ Merck set attorney Jack Jordan – Ms. Jordan's husband, and Plaintiff's counsel in the instant case – on a quixotic crusade to obtain an unredacted copy of the Powers email. More than five years later, Mr. Jordan continues to tilt feverishly at this redacted windmill. On June 9, 2016, Mr. Jordan submitted his first FOIA request to DOL for an unredacted copy of the Powers email. (*Id.* ¶ 10.) In response, DOL released the cover letter that accompanied DynCorp's *in camera* submission to ALJ Merck and a redacted copy of the four-page email chain. (*Id.* ¶ 11.) The redacted portions included the entire body of the Powers email, over which DOL

2

asserted FOIA Exemption 4.[1] (*Id.*) According to DOL, as of October 2019, Mr. Jordan had submitted 38 FOIA requests, some on his own behalf and some on behalf of his wife or other clients, mostly seeking to obtain the unredacted Powers email. (*Id.* ¶ 49.)

Mr. Jordan has also extensively litigated DOL's assertion of Exemption 4 over redacted portions of the Powers email. In *Jordan v. U.S. Department of Labor* ("*Jordan I*"), 273 F. Supp. 3d 214 (D.D.C. 2017), Judge Rudolph Contreras of the U.S. District Court for the District of Columbia granted DOL's cross-motion for summary judgment after conducting *in camera* review of the Powers email. *See* 273 F. Supp. 3d at 226 n.15, 246. Judge Contreras concluded that the Powers email "contains an express request for legal advice" and "is labeled 'subject to attorney-client privilege'" and that therefore "the content of the information and the reason it was communicated satisfy the demands of attorney-client privilege." *Id.* at 232. Judge Contreras also concluded that DOL satisfactorily demonstrated that the redacted material could not be segregated. *Id.* at 237. On appeal, the U.S. Court of Appeals for the District of Columbia Circuit affirmed Judge Contreras's decision by summary order. *Jordan v. U.S. Dep't of Lab.* ("*Jordan II*"), No. 18-5128, 2018 WL 5819393 (D.C. Cir. Oct. 19, 2018). Judge Contreras subsequently rejected a new effort by Mr. Jordan to obtain certain redacted portions of the Powers email through FOIA litigation against the U.S. Department of Justice. *See Jordan v. U.S. Dep't of Just.*, No. 17-CV-2702 (RC), 2019 WL 2028399, at *3-5 (D.D.C. May 8, 2019) (denying motion for reconsideration of denial of Plaintiff's motion to release evidence).

In *Jordan v. U.S. Department of Labor*, No. 18-CV-06129 (ODS), 2018 WL 6591807 (W.D. Mo. Dec. 14, 2018), Judge Ortrie D.

---

[1] As discussed further below, FOIA Exemption 4 applies to matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

Smith of the U.S. District Court for the Western District of Missouri granted DOL's motion to dismiss with respect to Mr. Jordan's claims regarding the Powers email, deferring to the prior decision in District of Columbia case. 2018 WL 6591807, at *3-4. The Eighth Circuit summarily affirmed dismissal. *See Jordan v. U.S. Dep't of Labor*, 794 F. App'x 557, 557 (8th Cir. 2020). In two subsequent actions in the Western District of Missouri, brought by other plaintiffs represented by Mr. Jordan, Judge Smith granted DOL's motions for summary judgment. *See Campo v. U.S. Dep't of Just.*, No. 19-CV-905 (ODS), 2020 WL 3966874, at *10-11 (W.D. Mo. July 13, 2020); *Talley v. U.S. Dep't of Lab.*, No. 19-CV-493 (ODS), 2020 WL 3966312, at *16 (W.D. Mo. July 13, 2020).

### B.  Plaintiff's FOIA Request and Litigation

On January 9, 2019, Mr. Jordan, on behalf of his client, Ms. Immerso, submitted a FOIA request to "Frank Clubb, Administrative Officer, Adjudicatory Boards" at DOL, referring to "the emails sent by Darin Powers at about 5:39 p.m. on July 30, 2013 and the emails sent by Robert Huber at about 8:20 a.m. July 31, 2013, with the subject 'WPS – next steps & actions' (respectively, 'Powers' emails' and 'Huber's emails') that were included in the records of ALJ Case No. 2015-LDA-00030 and which Claimant Maria Jordan requested of the [Benefits Review Board ("BRB")] by motion dated January 2, 2018 in connection with BRB Case No. 18-0128." (Immerso FOIA Request (Dkt. 26) at ECF p. 8.) Immerso requested copies of Powers' and Huber's emails "in any form that was transmitted to the BRB by any person at any time after January 2, 2018 along with any documentation establishing the date of transmission to and receipt by the BRB (*e.g.*, a letter of transmittal or entry in any computer system)." (*Id.*)

On March 5, 2019, Mr. Clubb responded to Mr. Jordan, indicating that DOL had already responded to Ms. Immero's FOIA

request by providing the Huber email, and stating that the unredacted version of the Powers email was "withheld under Exemption 4 as attorney-client privileged information." (Frank Clubb Email of Mar. 5, 2019 ("Clubb Mar. 5 Email") (Dkt. 26) at ECF p. 11.) Mr. Clubb's email stated that the BRB had no documentation specifically addressing the receipt of the Powers or Huber emails, but that "in an effort to be as responsive as possible," he had attached the Docket Sheet and UPS shipping label documenting DOL's receipt of the associated case file. (*Id.*) On March 20, 2019, Plaintiff filed an administrative appeal challenging DOL's decision to withhold the unredacted Powers email pursuant to FOIA Exemption 4. (Def. 56.1 ¶ 8.)

On June 28, 2019, Plaintiff, represented by Mr. Jordan, filed this action. (*See* Compl. (Dkt. 1).) On December 4, 2019, DOL moved to dismiss Plaintiff's Complaint for failure to state a claim, or, in the alternative, for summary judgment. (*See* Def. Mot.; Def. 56.1; Mem. in Support of Mot. to Dismiss or for Summ. J. ("Def. Mem.") (Dkt. 25); Response in Opp. to Mot. to Dismiss ("Pl. Opp.") (Dkt. 28); Corrected Reply in Support of Mot. to Dismiss ("Def. Reply") (Dkt. 38).) On January 3, 2020, Plaintiff filed a Motion for Summary Judgment. (Pl. Mot. for Summ. J.; Pl. Stmt. Pursuant to Local Rule 56.1 ("Pl. 56.1") (Dkt. 43); Response in Opp. to Mot. for Summ. J. ("Def. Opp.") (Dkt. 45); Def.'s Rule 56.1 Stmt. (Dkt. 46); Reply in Support of Mot. for Summ. J. ("Pl. Reply") (Dkt. 44).)

On December 4, 2019, Plaintiff filed a motion to compel release of portions of the Powers email, specifically any privilege notation and any words constituting a request for attorney advice. (*See* Mot. to Compel and Mot. for Sanctions ("Mot. to Compel") (Dkt. 22) at 1; Response in Opp. to Mot. to Compel (Dkt. 37).) Plaintiff also sought sanctions against DOL requiring them to pay her attorney's fees and costs. (Mot. to Compel at 3.) Plaintiff also filed two further motions, styled as a Motion for Discovery and a

Motion for Disclosure, reiterating the claims in her Motion to Compel while that motion was still pending. (*See* Mot. for Discovery (Dkt. 49); Second Mot. for Disclosure (Dkt. 50); Response in Opp. to Mot. for Disclosure (Dkt. 51).) On March 2, 2020, Magistrate Judge Vera M. Scanlon issued a Memorandum and Order denying Plaintiff's request for sanctions and denying all three pending motions seeking disclosure of portions of the Powers email. (Order of Mar. 2, 2020 ("Scanlon M&O") (Dkt. 52).)

The same day that Judge Scanlon issued her Memorandum and Order, Plaintiff filed a Motion for Reconsideration of Judge Scanlon's decision, followed, the next day, by a Supplemental Motion for Reconsideration, and nine days later by a Motion for a Pre-Motion Conference to discuss a new Motion to Compel and Motion for Sanctions that Plaintiff hoped to file. (*See* Mot. for Recons. (Dkt. 53); Suppl. Mot. for Recons. (Dkt. 54): Mot. for Pre-Mot. Conference (Dkt. 55).) The court denied those motions, reminded Plaintiff that the parties' dispositive cross-motions were still pending, and warned Plaintiff that "further frivolous motion practice attempting to obtain in discovery the very relief sought in Plaintiff's . . . complaint will be met with sanctions." (ECF Order of Mar. 13, 2020.)

Despite that warning, Plaintiff has filed four additional motions seeking reconsideration of the court's denial of her prior motions and requesting authorization to file further motions to compel disclosure. (*See* Mot. for Recons. re Order on Mot. for Pre-Mot. Conference (Dkt. 56); Third Mot. for Pre-Mot. Conference (Dkt. 57); Mot. for Pre-Mot. Conference (Dkt. 60); Mot. for Pre-Mot. Conference (Dkt. 62).) All told, as of this writing, Plaintiff has filed 19 motions since the filing of her Complaint. (*See* Dkts. 10, 12, 15, 16, 17, 18, 21, 22, 36, 42, 49, 50, 53, 54, 55, 56, 57, 60, 62.)

## II.    LEGAL STANDARD

### A.  The Freedom of Information Act

"The FOIA, which took effect in July 1967, establishes record retention and disclosure requirements for federal agencies." *Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 544 (2d Cir. 2016). [2] "In enacting FOIA, Congress intended to establish a general philosophy of full agency disclosure. FOIA thus requires an agency to disclose records on request, unless they fall within one of nine exemptions." *Nat. Res. Def. Council v. U.S. Env't Prot. Agency*, 954 F.3d 150, 154 (2d Cir. 2020). A person seeking disclosure under FOIA may file a civil action after exhausting her administrative remedies. *See* 5 U.S.C. § 552(a)(4)(B). In such an action, the court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* In FOIA litigation, the agency defendant has the burden of establishing that "any withheld documents fall within an exemption." *Nat. Resources Def. Council*, 954 F.3d at 154. "Agency information falling within the terms of these exemptions need not be disclosed." *Halpern v. Fed. Bureau of Investigation*, 181 F.3d 279, 287 (2d Cir. 1999).

FOIA Exemption 4, set forth in 5 U.S.C. § 552(b)(4), applies to information that is: (1) "a 'trade secret' or 'commercial or financial' in character'"; (2) "'obtained from a person'"; and (3) "'privileged or confidential.'" *Inner City Press/Cmty. on the Move v. Bd. of Governors of Fed. Rsrv. Sys.*, 463 F.3d 239, 244 (2d Cir. 2006) (quoting 5 U.S.C. § 552(b)(4)).

---

[2] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

## B.  Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must contain facts that do more than present a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. To decide a defendant's motion to dismiss, the court "will accept all factual allegations in the [c]omplaint as true and draw all reasonable inferences in [Plaintiffs'] favor." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011). However, the court will "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court must then evaluate the "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. This plausibility analysis "does not impose a probability requirement at the pleading stage," but requires the complaint to provide "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegality." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556).

## C.  Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). "The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried. In determining whether summary judgment is appropriate, this [c]ourt will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011). "A 'material' fact is one capable

of influencing the case's outcome under governing substantive law, and a 'genuine' dispute is one as to which the evidence would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," and "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). The same standard applies to cross-motions for summary judgment. *See Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Id.*

## III.   DISCUSSION

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994). The agency sustains its burden if it "suppl[ies] facts indicating that the agency has conducted a thorough search and giv[es] reasonably detailed explanations why any withheld documents fall within an exemption." *Id.* If the agency's affidavits and declarations setting forth such facts are facially sufficient, "the district court may forgo discovery and award summary judgment on the basis of affidavits." *Id.* To overcome such a showing by the agency defendant, a plaintiff in FOIA litigation "must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations," or else "provide some tangible evidence that an exemption claimed by the agency should not apply." *Id.*

Plaintiff makes no colorable claim that DOL failed to execute a reasonably thorough search. It is undisputed that DOL identified the very document that Plaintiff sought to obtain through her FOIA request. Thus, the principal points of dispute in both parties' motions pertain only to whether DOL properly and justifiably withheld the Powers email by invoking FOIA Exemption 4.

### A. Application of FOIA Exemption 4

"Exemption Four applies if a tripartite test is satisfied: (1) The information for which exemption is sought must be a trade secret or commercial or financial in character; (2) it must be obtained from a person; and (3) it must be privileged or confidential." *Nadler v. Fed. Deposit Ins. Corp.*, 92 F.3d 93, 95 (2d Cir. 1996).

"Exemption 4 is not confined only to records that reveal basic commercial operations or related to the income-producing aspects of a business," but instead "reaches more broadly and applies (among other situations) when the provider of the information has a commercial interest in the information submitted to the agency." *Baker & Hostetler LLP v. U.S. Dep't of Comm.*, 473 F.3d 312, 319 (D.C. Cir. 2006). According to Mr. Clubb's declaration, the Powers email was "transmitted to an in-house attorney for DynCorp to apprise him of developments potentially impacting the [WPS] Program contract." (Decl. of Frank Clubb ("Clubb Decl.") (Dkt. 26) ¶ 18.) Business organizations plainly have a commercial interest in their contracts and matters affecting such contracts, and the court finds that DOL has satisfactorily alleged that the redacted information was commercial or financial in nature. Therefore, the first prong of the test is satisfied.

"Courts have read the requirement that information be 'obtained from a person' to restrict the exemption's application to data which have not been generated within the Government." *Bloomberg, L.P. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 601 F.3d 143,

148 (2d Cir. 2010). Under FOIA, a "person" includes "an individual, partnership, corporation, association, or public or private organization other than an agency." 5 U.S.C. § 551(2). DOL alleges that DynCorp, through its outside counsel, provided the Powers email to ALJ Merck for *in camera* review in connection with an administrative proceeding. (Def. 56.1 ¶ 2.) It is therefore clear that the Powers email did not originate within the Government, but rather that it was obtained by DOL from "a person" within the meaning of FOIA Exemption 4, satisfying the second prong of the test.

On the third and final prong, "[p]rivileged information" under Exemption 4 "is generally understood to be information that falls within recognized constitutional, statutory, or common law privileges." *Gen. Elec. Co. v. Dep't of Air Force*, 648 F. Supp. 2d 95, 105 n.4 (D.D.C. 2009). While no circuit court and only a handful of district courts have directly "considered the meaning of 'privileged' under Exemption 4," those cases in which district courts that have applied Exemption 4 on the theory that the information in question was privileged, as opposed to confidential, "involve[d] the attorney-client privilege, which is explicitly mentioned in the legislative history of Exemption 4." *Washington Post Co. v. U.S. Dep't of Health and Human Servs.*, 690 F.2d 252, 267 n.50 (D.C. Cir. 1982). Indeed, most of the district court decisions addressing the issue concern lawsuits brought by Mr. Jordan to obtain the Powers email. *See Talley*, 2020 WL 3966312, at *15; *Campo*, 2020 WL 3966874, at *10; *Jordan I*, 273 F. Supp. 3d at 231-32. Thus, despite the dearth of case law regarding the meaning of "privileged" in Exemption 4, it is at least clear that the exemption encompasses information that falls within the scope of the attorney-client privilege.

"[T]he attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *Am. Civ. Liberties Union*

*v. Nat'l Sec. Agency,* 925 F.3d 576, 589 (2d Cir. 2019). "[A] confidential communication between client and counsel is privileged only if it is generated for the purpose of obtaining or providing legal assistance." *In re Cnty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). "[I]n the context of communications to and from corporate in-house lawyers who also serve as business executives," courts "consider whether the predominant purpose of the communication is to render or solicit legal advice." *Id.* at 419-20.

Mr. Clubb's declaration explains that the Powers email was withheld because it was "marked 'Subject to Attorney Client Privilege' and transmitted to an in-house attorney for DynCorp in order to apprise him of developments" relating to the WPS Program contract "and to explicitly request the attorney's input and review of the information transmitted." (Clubb Decl. ¶ 18.) DOL asserts, on the basis of Mr. Clubb's declaration, that the Powers email is marked with an attorney-client privilege notation and contains an explicit request from Powers to Bellomy, a DynCorp in-house attorney,[3] to review the material laid out in the email and to provide his input. That explanation is "reasonably detailed" and "facially sufficient" for the court to credit DOL's conclusion that the information in question was privileged. *See Carney*, 19 F.3d at 812. DOL's affidavits are "accorded a presumption of good

---

[3] Plaintiff argues that the Powers email does not fall within the scope of the attorney-client privilege because DOL has failed to prove that every recipient of the email was an attorney or the agent of an attorney. (Pl. Opp at 8-9; Pl. Summ. J. Mot. at 19-20.) Plaintiff is wrong. DOL asserts that the other individuals to whom Powers sent the email were DynCorp corporate managers; they, like Powers, were therefore agents of Bellomy's client, DynCorp, and not third parties whose receipt of the email may have constituted a waiver of privilege. *See Jordan I*, 273 F. Supp. 3d at 232-33, n.23.

faith" that renders discovery unnecessary where, as here, they are facially adequate.[4] *Id*.

The court finds that DOL has described the redacted material in terms that sufficiently establish all three elements of the tripartite test for withholding pursuant to FOIA Exemption 4. Accordingly,

---

[4] FOIA specifically authorizes courts resolving FOIA disputes to "examine the contents of [the] agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions." 5 U.S.C. § 552(a)(4)(B). However, mindful of "our legal system's preference for open court proceedings," *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 76 (2d Cir. 2009), the court declines to conduct *in camera* review of the Powers email. The Second Circuit has held that "[*i*]*n camera* review is appropriate where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be withheld," and is "necessary" "[o]nly if the government's affidavits make it effectively impossible for the court to conduct de novo review of the applicability of FOIA exemptions." *Associated Press v. U.S. Dep't of Just.*, 549 F.3d 62, 67 (2d Cir. 2008). Where, as here, the court finds that the government's affidavits are "sufficiently informative to make a determination as to the applicability of the exemptions," it need not "undertake *in camera* review." *Id*.

Notwithstanding that decision, the court notes that judicial authority to conduct *in camera* review is expressly authorized by FOIA and that the decision as to whether such review is appropriate is "entrusted to the district court's discretion." *Id*. Thus, Plaintiff's suggestion that other district court judges in prior cases behaved illegally or unconstitutionally by reviewing the Powers email *in camera*, and that DOL has "urged this [c]ourt to disregard or violate federal law" by providing a copy of the Powers email *in camera*, is without merit. (Pl. Opp. at 22-25; *see also* Pl. Reply at 9-10.) This court would have been well within its rights to review the Powers email *in camera*, if it had found the description of the redacted material in DOL's affidavits to be insufficiently specific. Indeed, given that Plaintiff contends that DOL's description of the Powers email is inadequate and not credible, one would think that she would *want* this court to independently review the email to verify the accuracy of DOL's characterization. If Plaintiff sincerely believes that the Powers email was improperly withheld because DOL erroneously asserted that it was a privileged communication, it defies logic why she would wish to dissuade the court from reviewing the communication and reaching its own conclusion on the matter.

DOL has carried its burden, and the applicability of the exemption may be overcome only by Plaintiff's "showing of bad faith on the part of the agency" or other "tangible evidence" that the exemption should not apply. *Id.* Plaintiff offers no tangible evidence that casts doubt on the applicability of the exemption, and her allegations of bad faith are untenable. Plaintiff alleges that DOL has suppressed or fabricated evidence, and that the declarations by agency officials on which it relies are not credible, by pointing out alleged discrepancies and contradictions in the descriptions by various government officials, government attorneys, and judges of the privilege notation and solicitation of counsel's advice contained in the Powers email. (*See* Pl. Opp at 18-22; Pl. Summ. J. Mot. at 4-6.)

Contrary to Plaintiff's egregious allegations of falsehood and fabrication, the supposed discrepancies she highlights are largely indistinguishable; and, to the extent that they are distinguishable, such distinctions can plainly be attributed to a *de minimis*, reasonable variance in good-faith characterizations of the redacted information. The fact, for example, that Powers's solicitation of Bellomy's legal advice has variously been described as "implied" and "explicit[]" does not undermine the clear consensus that Powers solicited Bellomy's legal advice, nor does it establish that such a consensus is the product of bad faith or fabrication. Similarly, the fact that the Powers email's privilege notation has been alternately quoted with and without capital letters, and with and without a hyphen between the words "attorney" and "client," reflects at worst a trivial imprecision and does not establish that "[s]omebody necessarily lied." (Pl. Opp. at 20.)  Plaintiff's allegations to the contrary would be laughable if they were not so indecorous.

Because the court concludes that DOL has adequately established that the Powers email meets all criteria for withholding pursuant to FOIA Exemption 4, and because Plaintiff fails to establish that

DOL is not entitled to a presumption of good faith, the court finds that DOL properly and legally withheld the Powers email.

## B.  Segregability

FOIA requires that the relevant agency disclose "[a]ny reasonably segregable portion of a record . . . to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). Plaintiff argues that DOL has violated this requirement by improperly withholding two portions of the Powers email: the attorney-client privilege notation and the request for Bellomy's legal advice. (Pl. Opp. at 10-12; Pl. Summ. J. Mot. at 20-23.)

The agency's statutory obligation to segregate and disclose non-exempt information is not unqualified. Rather, the agency is required to disclose non-exempt portions of the record so long as they are not "inextricably intertwined with exempt information." *Inner City Press/Cmty. on the Move*, 463 F.3d at 243 n.10.  A court "may decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." *Cook v. Nat'l Archives & Recs. Admin.*, 758 F.3d 168, 178 (2d Cir. 2014). Courts decline to require segregation where disclosure of the non-exempt information would "produce little of value." *Id.* However, courts should not reject requests for segregation simply "because of the court's low estimate of the value to the requestor of the information withheld." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977).

Mr. Clubb's declaration states that "[s]egregability is not applicable to the redacted portions of the four pages that were redacted, because any attempt at further segregating the information in those documents would provide little or no informational value, because the information is inextricably intertwined." (Clubb Decl. ¶ 15.) In *Jordan I*, Judge Contreras agreed with DOL that

15

the redacted information was not segregable, concluding that the "[t]he specific materials that Mr. Jordan seeks – any statement by a DynCorp employee that constituted an express request for legal advice and the notation 'Subject to Attorney-Client Privilege' – were justifiably not produced." *See* 273 F. Supp. 3d at 236-37.

While as a general matter it is not for the court to second-guess the value of such information to Plaintiff, the only feasible purpose such information would serve in this instance would be to corroborate DOL's assertion that the Powers email contains a privilege notation and a request for legal advice – an assertion that Plaintiff insists, without evidence, is false. As this court has already explained, the assertions in the agency's affidavits regarding the basis for withholding are entitled to a presumption of good faith that Plaintiff has failed to rebut. *See Carney*, 19 F.3d at 812. The court therefore credits DOL's assertion that the material which Plaintiff alleges ought to have been segregated was intertwined with privileged information and of insufficient informational value to warrant its segregation. The court defers to the agency's good-faith representations and will not direct it to disclose meaningless information, the substance of which has already been conveyed to Plaintiff, simply so that Plaintiff can test the veracity of DOL's representations. Such an order would provide Plaintiff with negligible informational value, cater to Plaintiff's baseless conspiracy theories, and undermine the spirit of the good-faith presumption to which the agency is entitled. Accordingly, the court agrees with DOL that it has already disclosed to Plaintiff all segregable information, in compliance with the law.

### C. Applicability of Administrative Procedure Act

Plaintiff expends considerable energy arguing that DOL's withholding of the Powers email is arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C.

16

§§ 701-706. (Pl. Opp. at 12-15; Pl. Summary J. Mot. at 9-23.) DOL counters by asserting that the APA does not govern review of agency action in response to FOIA. (Def. Reply at 2 n.3; Def. Opp. at 7.)

The APA provides for judicial review only of agency actions "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. FOIA provides a private right of action for complainants and endows district courts with jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). "In such a case the court shall determine the matter de novo, . . . and the burden is on the agency to sustain its action." *Id.*

Courts to consider the issue, including six circuit courts, have consistently held that dissatisfied FOIA requesters may not seek disclosure of records under the APA, because FOIA provides for an adequate alternative remedy: "precisely the kind of special and adequate review procedure that Congress immunized from duplicative APA review." *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Just.*, 846 F.3d 1235, 1246 (D.C. Cir. 2017); *see also Elec. Privacy Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1244 (D.C. Cir. 2018); *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 877 (9th Cir. 2019); *Lopez v. United States*, 656 F. App'x 957, 967 (11th Cir. 2016); *Rimmer v. Holder*, 700 F.3d 246, 261-64 (6th Cir. 2012); *Cent. Platte Nat. Res. Dist. v. U.S. Dep't of Agric.*, 643 F.3d 1142, 1148-49 (8th Cir. 2011); *Walsh v. U.S. Dep't of Veteran Affairs*, 400 F.3d 535, 537-38 (7th Cir. 2005); *New York Legal Assistance Grp. v. Bd. of Immigr. Appeals*, 401 F. Supp. 3d 445, 451-52 (S.D.N.Y. 2019); *Jenkins v. U.S. Dep't of Justice*, 263 F. Supp. 3d 231, 235 (D.D.C. 2017); *Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 66 (D.D.C. 2013). Thus, Plaintiff

has no right of action under the APA and the court is not author-
ized to provide the requested relief pursuant to that statute.

### D. Plaintiff's Additional Claims

Plaintiff raises several additional arguments, none of which is
meritorious. Plaintiff's insistence that the court may not apply *res
judicata* on the basis of other courts' decisions regarding claims
by Mr. Jordan's previous clients (including himself) is inapposite.
(*See* Pl. Opp. at 2-3; Pl. Summ. J. Mot. at 9.) In *Talley*, the District
Court for the Western District of Missouri found that the plaintiff
was a proxy for Mr. Jordan and held that his claims were barred
by the doctrine of claim preclusion. *See* 2020 WL 3966312, at
*10-13. In this case, however, DOL expressly disclaimed any re-
liance on *res judicata*, and the court makes no finding that
Plaintiff's claims are precluded by prior decisions. (*See* Def. Reply
at 3-4.) To the extent that this court looks to prior decisions of
other district courts to guide its analysis, it does so not because it
understands itself to be bound by those decisions, but rather be-
cause they provide a useful and legitimate point of reference,
especially in light of the fact that they address nearly identical
legal issues on a nearly identical factual record.

Plaintiff incorrectly asserts that DOL has failed to comply with its
obligation under FOIA to "set forth the names and titles or posi-
tions of each person responsible" for the denial of her request. 5
U.S.C. § 552(a)(6)(C)(i). (*See* Pl. Opp. at 7-8; Pl. Summ. J. Mot.
at 17-18.) The provision of FOIA cited by Plaintiff applies to re-
quests for records that are *denied*, not to requests, like Plaintiff's,
that are granted but subject to redactions on the basis of statutory
exemptions. Moreover, DOL has provided Plaintiff with the
name, title, and position of Mr. Clubb, the person responsible for
deciding that Exemption 4 applied to the redacted material. (*See*
Clubb Decl.) Thus, Plaintiff is not entitled to and has not been
denied the information she claims to be owed.

18

Plaintiff asserts that DOL's Motion to Dismiss or, in the alternative, for Summary Judgment was frivolous and violated Rule 7(b) of the Federal Rules of Civil Procedure by failing to state the grounds for relief with particularity. (Pl. Opp. at 1, 15-18.) To the contrary, DOL has met its obligation to "suppl[y] facts indicating that the agency has conducted a thorough search and giv[e] reasonably detailed explanations why [the] withheld documents fall within" Exemption 4. *Carney*, 19 F.3d at 812. As described above, DOL's motion is not only non-frivolous; it is meritorious.

Because the court finds that DOL meets the standard for summary judgment, it grants DOL's request for summary judgment on all claims, denies Plaintiff's cross-motion for summary judgment, and does not take up DOL's alternative argument that Plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV.    PLAINTIFF'S NON-DISPOSITIVE MOTIONS

DOL and Plaintiff filed their dispositive motions on December 4, 2019 and January 3, 2020, respectively. (*See* Def. Mot.; Pl. Summ. J. Mot.) Thereafter, Plaintiff filed non-dispositive motions on January 8, February 4, March 2, March 3, and March 12, 2020. (*See* Dkts. 49, 50, 53, 54, 55.) The court denied those motions in orders dated March 2, 2020 and March 13, 2020. In both instances, the court warned Plaintiff that further frivolous motion practice would be met by sanctions. (*See* Scanlon M&O at 7; Order Dated March 13, 2020.) Plaintiff subsequently filed four more motions, which remain pending:

- On March 13, 2020, Plaintiff filed a motion asking the court to reconsider its order from earlier that day, in which the court denied Plaintiff's motions seeking discovery and disclosure. (Mot. for Recons. re Order on Mot. for Pre-Mot. Conference (Dkt. 56) at 1-2.)

- On March 14, 2020, Plaintiff filed a motion requesting that the court either hold a pre-motion conference to address her proposed Motion to Compel and Motion for Sanctions, or else grant Plaintiff leave to file those motions without a conference. (Third Mot. for Pre-Mot. Conference (Dkt. 57) at 1.)

- On April 27, 2020, Plaintiff filed a motion reiterating her request for either a pre-motion conference or authorization to file her Motion to Compel, and claiming to have "newly discovered evidence" that Mr. Clubb lacked personal knowledge of the contents of the Powers email. (Mot. for Pre-Mot. Conference (Dkt. 60) at 1.)

- On July 25, 2020, Plaintiff filed a motion supplementing and reiterating several prior motions and requests, some of which were pending and some of which had already been denied. (Mot. for Pre-Mot. Conference (Dkt. 62) at 1.)

None of these motions have merit, and all of them seek to reiterate and relitigate arguments that the court has already considered and rejected. Plaintiff's requests for a pre-motion conference or authorization to file subsequent motions are denied as moot, in light of the court's decision to grant summary judgment for DOL. Plaintiff's requests for reconsideration of the court's prior decisions are also denied.

The court reiterates its prior warnings to Plaintiff about the consequences of filing frivolous motions. If Plaintiff believes that the court has erred in its analysis, she may appeal the court's decision to the United States Court of Appeals for the Second Circuit. Further entreaties for the court to entertain arguments already considered and rejected will require the court and the Defendant to expend unnecessary time and resources, and will be construed as frivolous and met with sanctions.

V.      **CONCLUSION**

For the reasons stated above, the court GRANTS Defendant's (Dkt. 23) Motion for Summary Judgment with prejudice, DE-NIES Plaintiff's (Dkt. 42) Motion for Summary Judgment, as well as Plaintiff's (Dkts. 56, 57, 60, 62) other pending motions. The Clerk of Court is respectfully DIRECTED to close the case.

SO ORDERED.


Dated:      Brooklyn, New York
            November 20, 2020

                                 /s/ Nicholas G. Garaufis
                                NICHOLAS G. GARAUFIS
                                United States District Judge

21