## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
## BROOKLYN DIVISION

| | |
|---|---|
| SANDRA IMMERSO,<br>    Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF LABOR,<br>    Defendant. | Case No. 1:19-cv-03777-NGG-VMS |

## SECOND NOTICE OF NONCOMPLIANCE WITH
## ILLEGAL ORDER BY JUDGE GARAUFIS SEEKING TO
## CRIMINALLY OBSTRUCT JUSTICE, INCLUDING BY
## LYING, CONCEALING EVIDENCE AND RETALIATING

Plaintiff's counsel, Jack Jordan, respectfully submits this Notice of Noncompliance with the Minute Order of Judge Garaufis dated July 28, 2021 (the "**Order**") in which  Judge Garaufis "DIRECTED" Jordan "to file with the court by Wednesday, August 4, 2021 proof of his compliance with the requirement, set forth in the court's [101] Memorandum and Order imposing sanctions, that he file a copy of that Memorandum and Order on the docket of any pending case in federal district court in which he has entered an appearance."

Jordan may not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."  Kan. R. Rel. Disc. Att. 3.4(c).

Jordan "may refuse to aid or participate in conduct that" Jordan "believes to be unlawful."  Rule 1.2(f), NY R.Prof.C.  Jordan also "may take appropriate steps

in good faith to test the validity of" any "ruling" by Judge Garaufis.  Rule 3.4(c),

NY R.Prof.C.  Jordan "may refuse to comply with an obligation imposed by law if

such refusal is based upon a reasonable good-faith belief that no valid obligation

exists because, for example, the law is unconstitutional, conflicts with other legal

or professional obligations, or is otherwise invalid.  As set forth in Rule 3.4(c),"

Jordan "may not disregard a specific ruling or standing rule of a tribunal, but can

take appropriate steps to test the validity of such a rule or ruling."  Rule 8.4,

Comment 4, NY R.Prof.C.

Jordan already apprised Judge Garaufis and this Court that Jordan and

Plaintiff will appeal and will not comply with Judge Garaufis's illegal order (ECF

101) because it was obviously and intentionally illegal and criminal in multiple

respects.  *See* ECF 102 (Notice of Noncompliance).  Jordan also explained how

Judge Garaufis's order (ECF 101) was illegal because it was obviously and

intentionally illegal and criminal in multiple respects.  *See id*.  For the same

reasons, Jordan respectfully declines to comply with Judge Garaufis's order,

above.

As a result of the foregoing, Jordan openly refuses to comply with the Order

because no valid obligation exists for Jordan to do so.  Every order Judge Garaufis

has issued this day has been part of a criminal scheme to conceal material facts and

relevant evidence and to intimidate and injure Jordan or Plaintiff because they have pursued their rights under federal law or the U.S. Constitution.

Jordan will not help Judge Garaufis disseminate criminal falsehoods about Jordan to other courts.  If Judge Garaufis wishes to disseminate falsehoods with actual malice regarding Jordan, Judge Garaufis must do so himself.  Jordan will not do it for him.  And Jordan intends to test (in court) the immunity of Judge Garaufis to disseminate falsehoods with actual malice regarding Jordan.

Every judge and every other participant in legal proceedings is protected to the extent that they do not assert falsehoods with actual malice.  But no judge, lawyer or litigant has immunity for any "falsehood" that "was made" with "actual malice," *i.e*., "knowledge that it was false or with reckless disregard" for its falsity. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).  The "protection accorded a public official" (Judge Garaufis) with "immunity" for "libel" is only "analogous" to the "privilege" that litigants and their lawyers have a for "criticism of official conduct." *Id.* at 282.

"It would give public servants an unjustified preference over the public they serve, if critics of official conduct did not have a fair equivalent of the immunity granted to the officials themselves."  *Id.* at 282-83.  It would give Judge Garaufis an unjustified preference if he had anything more than a fair equivalent of the

3

immunity granted to litigants.  It would give Judge Garaufis an unjustified

preference if he had immunity for asserting falsehoods with actual malice merely

because he was a judge.

DATED:  July 28, 2021                    Respectfully submitted,
                                         s/ Jack Jordan
                                         Jack Jordan
                                         3102 Howell Street
                                         North Kansas City, Missouri 64116
                                         jack.jordan@emobilawyer.com
                                         816-746-1955
                                         Counsel for Plaintiff